**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darren Jay Walther,<br><br>   Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-18-02720-PHX-SMB<br><br>**ORDER** |

At issue is the denial of Plaintiff Darren Jay Walther's Application for Disability Insurance Benefits by the Social Security Administration under the Social Security Act (the Act). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 13, Pl. Br.), Defendant Social Security Administration Commissioner's Response (Doc. 14, Def. Br.), and Plaintiff's Reply (Doc. 23, Reply). The Court has reviewed the Administrative Record (Doc. 11, R.) and now reverses the Administrative Law Judge's (ALJ) decision (R. at 15–35).

**I.   BACKGROUND**

Plaintiff applied for Disability Insurance Benefits on August 12, 2014, alleging a period of disability beginning October 1, 2013. (R. at 18.) Plaintiff's claim was denied initially and on reconsideration. (R. at 18.) On December 15, 2016, Plaintiff appeared and testified at a hearing before the ALJ. (R. at 18.) On August 24, 2017, the ALJ denied Plaintiff's claim. (R. at 15–35.) That decision became final on June 29, 2018, when the

Appeals Council denied Plaintiff's request for review. (R. at 1–6.) The present appeal followed.

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: "lumbar degenerative disc disease status post two fusions with hardware fractures and post laminectomy syndrome, sacroiliitis and shoulder osteoarthritis and degenerative joint disease." (R. at 20.)

The ALJ ultimately concluded Plaintiff was not disabled during the relevant period. (R. at 15–35.) The ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 23.) The ALJ also found that Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) with some exceptions, including: standing and walking for four hours in an eight-hour workday; sitting for six hours in an eight-hour workday; frequently climbing ramps and stairs, but never climbing ladders, ropes, and scaffolds; frequently balancing, kneeling, and bilaterally reaching overhead; occasionally stooping, crouching, and crawling; and avoiding exposure to hazards, including unprotected heights and moving machinery. (R. at 23.) Based on his RFC, the ALJ found that Plaintiff was unable to perform his past relevant work but could perform jobs that exist in significant numbers in the national economy. (R. at 28.)

## II.     LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a

scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At step one, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four, where he assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.*

**III.   ANALYSIS**

Plaintiff raises three arguments for the Court's consideration: (1) the ALJ erred by rejecting the opinion of Plaintiff's treating physician; (2) the ALJ erred by rejecting

Plaintiff's symptom testimony; and (3) the proper remedy is to remand Plaintiff's claim for payment of benefits. The Court finds that the ALJ committed reversible error and remands Plaintiff's claim for further proceedings.

> **A. The ALJ erred because he did not provide specific and legitimate reasons for rejecting the opinion of Plaintiff's treating physician.**

Plaintiff's treating physician, Dr. Jalal Abbas, M.D., completed a treating source statement in November 2016, in which he opined that Plaintiff could sit, stand, and walk for one hour each in an eight-hour workday; never climb stairs, ramps, ladders, or scaffolds; never crouch; occasionally balance; rarely stoop, kneel, and crawl; and never be around unprotected heights and moving machinery. (R. at 541–42.) Dr. Abbas also opined that Plaintiff would be off task more than 25 percent of a typical workday and absent from work more than four days per month. (R. at 539.) The ALJ gave partial weight to Dr. Abbas's opinion to the extent it was consistent with "the light exertional level found in the [RFC] reached herein." (R. at 27.) The ALJ gave no weight to the concentration and absence limitations because they were "overly restrictive and incongruent" with other evidence of record. (R. at 27.) The Court finds that the ALJ's rationale was insufficient.

In general, the opinion of a treating physician should be given controlling weight. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating physician's opinion is controverted by another medical opinion, the ALJ may disregard it by providing specific and legitimate reasons that are supported by substantial evidence. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ's finding that Dr. Abbas's opinion was entitled to partial weight because of its inconsistency with Plaintiff's RFC is not specific and legitimate. When calculating a claimant's RFC, the ALJ must consider all relevant evidence, *i.e.* that which has not been properly discredited. 20 C.F.R. § 416.945. Here, the ALJ's stated reason for giving partial weight to Dr. Abbas's opinion was insufficient and circular. *See Laborin v. Berryhill*, 867

F.3d 1151, 1154–55 (9th Cir. 2017). First, it indicates that the ALJ put the cart before the horse by calculating Plaintiff's functional capacity before considering his treating source's opinion regarding his limitations. Second, because the ALJ gave no other reason for rejecting the physical limitations assessed by Dr. Abbas, it reflects that the ALJ failed to consider relevant opinion evidence when calculating Plaintiff's RFC. In doing so, the ALJ inverted his responsibilities of (1) determining the weight of the evidence *before* (2) determining the claimant's RFC. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 n.6 (9th Cir. 2017).

The ALJ's error could be harmless if substantial evidence supports his rejection of Dr. Abbas's opinion. *See Laborin*, 867 F.3d at 1155. Defendant concedes that the ALJ did not clearly articulate his rationale for rejecting the opinion, but argues that reasonable minds can infer it was because of its inconsistency with other medical opinions. (Def. Br. at 18.) Defendant explains that because Plaintiff's RFC is supported by substantial evidence and stands in conflict with Dr. Abbas's opinion, the ALJ was not required to accept Dr. Abbas's opinion. (Def. Br. at 18.) The Court is not persuaded. First, Defendant's logic does not address or resolve the ALJ's procedural misstep in evidently calculating Plaintiff's RFC before considering all of the evidence. Second, though the Court is permitted to draw reasonable inferences from the ALJ's opinion, it may only do so if the ALJ has discussed the evidence and stated the reasons upon which his decision is based. *See Magallanes*, 881 F.2d at 751. In this case, the ALJ failed to state or even suggest through his discussion of the evidence that he rejected Dr. Abbas's opinion because of its inconsistency with the other medical opinions. Accordingly, Defendant's argument fails.

Nor does the Court find that substantial evidence supports the ALJ's rejection of Dr. Abbas's opinion. The ALJ rejected the assessed concentration and absence limitations because of their inconsistencies with other evidence, including Plaintiff's ability to concentrate during his consultative evaluation, act appropriately in public settings, get along with others, and score a 29/30 on the MMSE. (R. at 27.) However, this rationale applies to a narrow portion of Dr. Abbas's opinion, and therefore, it cannot serve as

substantial evidence to support a rejection of his entire opinion. The Court declines to consider the sufficiency of this rationale as applied to the concentration and absence limitations because the ALJ will be required to reevaluate Dr. Abbas's opinion on remand.

In sum, the Court finds that the ALJ committed reversible error in rejecting Dr. Abbas's opinion.

### B.    The ALJ did not err by rejecting Plaintiff's symptom testimony.

Plaintiff testified regarding his pain and limitations in a February 2015 function report and at his December 2016 hearing. He reported that his average pain level is 8/10, with 10 being the "worst pain imaginable." (R. at 64.) He testified that he can sit for 10 minutes at one time; stand for 10 to 15 minutes at one time; walk up to 500 feet at one time; and lift five to eight pounds total. (R. at 66.) His medication causes fatigue and makes it difficult for him to focus and concentrate. (R. at 68.) He has difficulty grooming and dressing himself, specifically putting on socks and shoes. (R. at 68–69.)

The ALJ rejected Plaintiff's symptom testimony for two reasons. First, the daily activities he testified about were inconsistent with his alleged limitations. (R. at 25–26.) Second, the objective medical evidence did not support his alleged limitations. (R. at 24–25.) The Court finds that the ALJ's rationale was sufficient.

Credibility is the province of the ALJ, but an adverse credibility determination requires the ALJ to give "specific, clear and convincing reasons for rejecting the claimant's testimony." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ may consider whether the record includes objective medical evidence to support the claimant's testimony, but that cannot form the sole basis for an adverse credibility finding. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ may also consider the claimant's daily activities, course of treatment, and inconsistent statements. *Id.*

In considering whether a claimant's daily activities are inconsistent with his alleged limitations, the ALJ must determine the extent to which the claimant engages in those

activities to properly rely on them as evidence that he is more functional than alleged. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2014).

Here, the ALJ concluded that Plaintiff's daily activities were inconsistent with his alleged "difficulty concentrating, remembering, paying attention, completing task[s], and understanding." (R. at 26.) To support this finding, the ALJ noted that Plaintiff cares for his disabled mother, drives, cooks, cleans, and grocery shops. (R. at 25.) The ALJ further noted that Plaintiff applied to four or five jobs per week in 2013 and 2014. (R. at 25.) Finally, the ALJ noted that Plaintiff continues to socialize with friends and family as evidenced by his phone use, video game play and attendance at his aunt's birthday party at Red Lobster five days before the hearing. (R. at 25–26.)

The ALJ also explained how claimant's subjective complaints were not supported by objective medical evidence. Though an ALJ may consider whether a claimant's testimony is supported by objective evidence, a mere lack objective support is insufficient to reject the claimant's testimony. *See Burch*, 400 F.3d at 680–81. However, a conflict between subjective complaints and medical evidence is permissible where the ALJ provides other reasons as well. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ considered other reasons for discounting the subjective complaints and then listed how the subjective complaints were also inconsistent with the objective medical evidence. The ALJ cited to the x-rays, MRI findings, and physical examination findings. Accordingly, the Court finds that the ALJ's rejection of Plaintiff's symptom testimony is supported by substantial evidence.

**C.     The proper remedy is to remand for further proceedings.**

Plaintiff asks the Court to remand his claim for payment of benefits. The credit-as-true rule applies if three elements are present. *Garrison*, 759 F.3d at 1020. First, the record must be fully developed such that further administrative proceedings would not be useful. *Id.* Second, the ALJ must have failed to provide legally sufficient reasons for rejecting evidence. *Id.* Third, "if the improperly discredited evidence were credited as true, the ALJ

would be required to find the claimant disabled on remand." *Id.* Even if all three elements of the credit-as-true rule at met, the Court maintains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within meaning of the Social Security Act." *Id.*

Though the ALJ erroneously rejected Dr. Abbas's opinion, the Court finds that further proceedings would be useful for the ALJ to properly consider the opinion evidence prior to formulating Plaintiff's RFC. Further, even if all elements of the credit-as-true rule were satisfied, the record as a whole—most evidently, the objective medical evidence—creates serious doubt as to whether Plaintiff is, in fact, disabled. Therefore, remand for further proceedings is the proper remedy.

**IT IS THEREFORE ORDERED** reversing the August 24, 2017 decision of the Administrative Law Judge. (R. at 15–35.)

**IT IS FURTHER ORDERED** remanding this matter for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this matter.

Dated this 10th day of August, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge